**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT SALERNO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 04-797-GPM** |
| | ) | |
| **UNITED STATES PAROLE** | ) | |
| **COMMISSION, FCI - GREENVILLE** | ) | |
| **and WARDEN DARLENE A. VELTRI,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Robert Salerno's § 2241 petition for a writ of habeas corpus (Doc. No. 1). Salerno is serving a life sentence for federal crimes of conspiracy to commit murder and murder. He challenges a December 3, 2003, decision by the U.S. Parole Commission to continue his case to a 15-year reconsideration hearing. Salerno argues that the Commission failed to properly apply its rules and procedures and made erroneous findings.

The only issue considered in this report is respondent's argument that Salerno's petition should be dismissed without prejudice for failure to exhaust administrative remedies. Salerno exhausted the Bureau of Prisons' administrative remedy procedure by seeking an informal remedy, filing an institutional grievance, and pursuing his grievance through the last step of the administrative appeals process. See 28 C.F.R. Pt. 542, Subpt. B. However, Salerno did not appeal the U.S. Parole Commission's December 3, 2003, decision to the National Appeals Board. Pursuant to 18 U.S.C. § 4215, Salerno could have submitted a written appeal to the National Appeals Board within 30 days of the Parole Commission's decision. See also 28 U.S.C. § 2.26(a). Salerno has not explained his failure to submit a written appeal.

Exhaustion of administrative remedies with the parole authorities is a prerequisite for habeas corpus relief under § 2241.  Exhaustion allows for development of a complete factual record and provides the parole authorities with an opportunity to review the proceedings and correct errors.  Furthermore, the exhaustion requirement conserves the Court's time by encouraging potential litigants to seek relief at the appropriate administrative level.  *See Greene v. Meese*, 875 F. 2d 639, 642 (7th Cir. 1989); *U.S. v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir. 1986); and *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir.1984).  Because Salerno did not pursue the remedy available to him through the National Appeals Board, he did not exhaust his administrative remedies.  Salerno is not currently eligible for habeas corpus relief.

IT IS RECOMMENDED that Robert Salerno's § 2241 petition for a writ of habeas corpus (Doc. No. 1) be DENIED without prejudice.  This action should be DISMISSED.

**SUBMITTED:** <u>   November 8, 2005   </u>.


<u>*s/Philip M. Frazier*                          </u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**